IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-50,257-23




EX PARTE RICHARD JAMES JOHNSON, Applicant



ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 21,459-AAAAAAAA IN THE 159TH DISTRICT COURT
FROM ANGELINA COUNTY



            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to thirty years’ imprisonment. The Ninth Court of Appeals affirmed his
conviction. Johnson v. State, Nos. 09-00-00391-CR & 09-00-00392-CR (Tex. App.—Beaumont
Apr. 18, 2001) (not designated for publication). 
            Applicant alleges that he is actually innocent. He contends that a statement from Jacob
Woodward is newly discovered and shows that he did not participate in the burglary. 
            Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Elizondo, 947
S.W.2d 202 (Tex. Crim. App. 1996). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall hold a live hearing and, at a minimum,
hear testimony from Jacob Woodward. 
            The trial court shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether this claim
could have been presented in one of Applicant’s previously filed habeas corpus applications. The
trial court shall also make specific findings concerning the credibility of Woodward’s statement and
habeas testimony. Finally, the trial court shall address whether the statement unquestionably
establishes that Applicant is actually innocent of this offense. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
Filed: June 11, 2014
Do not publish